OPINION OF THE COURT
Joseph P. Kuszynski, J.
Defendants Derrick Derblick and Lease and Save Corporation move pursuant to CPLR 3212 for summary judgment as to the first cause of action.
On or about April 27, 1974 a motor vehicle owned by defendant Lease and Save Corporation and operated by defendant Derrick Derblick allegedly injured Edmond Ropera, a City of Buffalo police officer.
*1115 Plaintiff, the City of Buffalo, brought this action in February, 1975 and in its first cause of action seeks reimbursement in accordance with subdivision 6 of section 207-c of the General Municipal Law for wages, medical treatment and hospital care paid by the city on behalf of Officer Kopera.
Subdivision 6 reads as follows: "Notwithstanding any provision of law contrary thereto contained herein or elsewhere, a cause of action shall accrue to the municipality for reimbursement in such sum or sums actually paid as salary or wages and or for medical treatment and hospital care as against any third party against whom the policeman shall have a cause of action for the injury sustained or sickness caused by such third party.”
Defendants maintain that Officer Kopera did not suffer a "serious injury” under subdivision 4 of section 671 of the Insurance Law (no-fault) as it was defined at the time the suit was commenced, and therefore did not have any standing to bring an action in his own right. Defendants argue that Officer Kopera cannot, therefore, have "a cause of action for the injury sustained” as defined by subdivision 6 of section 207-c, and consequently neither can the city be entitled to reimbursement for the amounts it had expended.
The issue posed here is whether the enactment of the "no-fault” legislation extinguished the rights of a municipality to reimbursement under subdivision 6 of section 207-c of the General Municipal Law.
This court accepts the reasoning of an earlier unreported decision, City of Buffalo v Williams (County Ct, Erie County, April 24, 1978, Colucci, J.) which concluded: "This Court does not believe that the Legislature, by enacting the no-fault provisions, intended to void a municipality’s reimbursement right.”
This court concludes the city is entitled to reimbursement from the defendants for the "sum or sums actually paid as salary or wages and or for medical treatment and hospital care” on Officer Kopera’s behalf. The rights provided the city under the earlier section 207 of the General Municipal Law are not limited by the subsequently enacted "no-fault” law.
Defendants’ motion denied in all respects.